# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS,** *Petitioner,* v. **JERED CORNISH,** *et al.,* *Respondents.* | **CIVIL ACTION NO. 5:18-cv-00304-TES** |

## ORDER GRANTING PETITIONER'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Petitioner Progressive Insurance Company of Illinois' Motion for Summary Judgment [Doc. 19]. Based on Petitioner's Applications for Entry of Default [Docs. 15, 16, 17] and the Clerk's subsequent entries, the record reflects that the remaining[1] Respondents Jered Cornish, Amanda Floyd, and Clarissa Hall were definitively served in accordance with Federal Rule of Civil Procedure 4(e). Consequently, these Respondents were placed in default and the Court construes Petitioner's Motion for Summary Judgment as a Motion for Default Judgment.[2] Fed. R. Civ. P. 55(a); *see also Whitney Bank v. McDonough*, No. 6:14–cv–860-Orl–41DAB, 2014 WL

---

[1] The Court granted Petitioner's Motion to Dismiss claims against Respondents Mackle Scott and John Doe, Administrator of the Estate of Hattie Scott. [Doc. 11].

[2] Petitioner's First Motion for Default Judgment [Doc. 9], filed before the Clerk's Entries of Default is **TERMINATED as moot** in light of the Court's ruling in this Order.

12577081, at *1 (M.D. Fla. Sept. 30, 2014); *United States v. Estate of Segel*, No. 8:08–cv–2196–T–23EAJ, 2010 WL 1730749, at *1 (M.D. Fla. Apr. 27, 2010) (construing motion for summary judgment as a motion for default judgment). Based on the foregoing and as more clearly explained below, the Court **GRANTS** Petitioner's Motion for Default Judgment [Doc. 19].

## FACTUAL BACKGROUND

In its Petition for Declaratory Judgment [Doc. 1], Petitioner claims that Respondent Jered Cornish allegedly collided with another vehicle driven by Respondent Mackle Scott in which Respondent Hattie Scott, who died as a result of the subject accident, and Respondent Clarissa Hall were also passengers. [Doc. 1 at ¶¶ 15–16, 18]. At the time of this accident, Respondent Amanda Floyd was the named insured on an auto insurance policy provided by Progressive that listed Cornish as an excluded driver. [*Id.* at ¶ 20, 22–23]; *see also* [Doc. 1-3]. Listing Cornish as an excluded driver greatly reduced Floyd's insurance premium. [Doc. 1 at ¶ 29]. Specifically, in consideration for her reduced premium, Floyd agreed that "[n]o coverage [would be] provided for any claim arising from an accident or loss involving a motorized vehicle being operated by an excluded driver." [Doc. 19-1 at p. 51]. Accordingly, Petitioner contends that, as a matter of law, the insurance policy's named-driver exclusion is enforceable because she received her reduced premium for it. Thus, Petitioner claims that it owes no coverage obligation to any Respondent.

2

# DISCUSSION

## A. Standard of Review

At a party's request and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Entry of default judgment is committed to the discretion of the Court. *Hamm v. Dekalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). However, default judgment does not follow automatically from an entry of default. The Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). To that end, a party in default is "deemed to have admitted the movant's well-pleaded allegations of fact." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014). Finally, a district court is not required to hold either an evidentiary hearing or oral argument before entering default judgment. Fed. R. Civ. P. 55(b)(2).

## B. Petitioner's Allegations

Given that default judgments are appropriate in declaratory judgment actions relating to insurance coverage, the Court finds that the allegations in the Petition for Declaratory Judgment are sufficient to state a claim. *See, e.g., Owners Ins. Co. v. James*, 295

F.Supp.2d 1354 (N.D. Ga. 2003). Under Georgia law, a named-driver exclusion that is supported by consideration is enforceable even though it is possible that no other coverage may be available to an injured party. *Atlanta Cas. Co. v. Cash*, 433 S.E.2d 311, 312 (Ga. Ct. App. 1993); *Ison v. State Farm Fire & Cas. Co.*, 496 S.E.2d 478, 479–80 (Ga. Ct. App. 1998). In this case, the record clearly shows that Cornish was listed as an excluded driver. [Docs. 1-3 at p. 3; 19-1 at p. 51]. As this exclusion was supported by sufficient consideration, it is enforceable. Accordingly, the Court **DECLARES** that Petitioner has no coverage obligation to any Respondent.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Motion for Default Judgment [Doc. 19] and **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED**, this 2nd day of May, 2019.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**